IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RHONN MITCHELL, ON BEHALF OF HIMSELF AND ALL OTHERS SIMILARLY SITUATED, | § § § § | |
| | § | Civil Action No. 3:23-cv-1278-N |
| Plaintiff, | § | |
| v. | § § | |
| TOYOTA OF DALLAS, | § § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

This Order addresses Defendant Toyota of Dallas's Motion for Protection and Objections to Plaintiff's Notice of Deposition [17]. The Court grants the motion in part and denies the motion in part.

**I. THE DISCOVERY DISPUTE**

Plaintiff Rhonn Mitchell filed this suit "on behalf of himself and all other similarly situated" against Toyota of Dallas for allegedly sending text messages and making telephone calls to Plaintiffs in violation of the Telephone Consumer Protection Act and the Texas Business & Commerce Code, Chapter 305. On January 5, 2024, Mitchell served a Notice of Deposition in Support of Class Discovery, which included 31 separate topics on which Mitchell intended to depose Defendant pursuant to Federal Rule of Civil Procedure 30(b)(6). On March 5, 2024, Toyota of Dallas served its Reponses and Objections to the Notice of Deposition. *See* [17-1]. On March 29, 2024, Mitchell served an Amended Notice of Deposition, which included 39 separate topics, to include topics regarding alleged phone

MEMORANDUM OPINION AND ORDER – PAGE 1

calls. *See* Am. Notice of Deposition [17-2]. Because the topics contained on the January 5th Notice and the March 29th Notice are nearly identical, Toyota of Dallas raises the same objections in response to the March 29th Notice as it did to the January 5th Notice in the instant Motion for Protection and Objections to Plaintiff's Notice of Deposition.

## II. Legal Standard for Protective Order

Rule 26(c) authorizes courts to issue "an order to protect a party from annoyance, embarrassment, oppression, or undue burden or expense" upon a showing of good cause. Fed. R. Civ. P. 26(c). Protective orders may forbid certain disclosures, specify the terms for disclosure, forbid inquiry into certain matters, or limit the scope of disclosure to certain matters. *Id.* Further, the Court may still issue a protective order on relevant discovery that is unduly burdensome. *Id.* The "decision whether to grant or deny a request for a protective order is entrusted to the district court's sound discretion." *Nguyen v. Excel Corp.*, 197 F.3d 200, 209 n.27 (5th Cir. 1999).

## III. Motion for Protection and Objections

### A. Topics Requiring Expert Testimony: 1, 2, 3, 4, 5, 6, 10, 11, 12, 20, 21, 22, and 23

Toyota of Dallas objects to topics 1, 2, 3, 4, 5, 6, 10, 11, 12, 20, 21, 22, and 23 because the topics ask lay witnesses to testify on areas that should be addressed by an expert witness. To date, Toyota of Dallas produced spreadsheets of data involving: (i) Call Logs, which track outbound calls made to telephone numbers; (ii) SocketTalk, which tracks outbound text messages sent to telephone numbers; (iii) Events, which tracks how Defendant obtained a telephone number, including the lead source, and events pertaining

MEMORANDUM OPINION AND ORDER – PAGE 2

to communications with customers; and (iv) Worknotes, which allows Toyota of Dallas's salespeople to memorialize certain interactions with customers. *See* Def.'s Mot. For Prot. 7. The topics listed above require a person to review and analyze millions of lines of data in the spreadsheets to accurately respond to Mitchell's deposition questions. The Court agrees with Toyota of Dallas that to undertake the burden of preparing a corporate representative to testify to these topics is both improper and unnecessary at this time. Toyota of Dallas represents that this data will be addressed by Toyota of Dallas's designated expert after Mitchell moves for class certification, in accordance with the scheduling order in this case. *Id.* at 8; *see also* Second Class Cert. Sch. Ord. [24]. Accordingly, the Court sustains Toyota of Dallas's objection to topics 1, 2, 3, 4, 5, 6, 10, 11, 12, 20, 21, 22, and 23 with the understanding that its expert will respond to these topics after Mitchell moves for class certification.[1]

### B. Topics Seeking Information Allegedly Protected: 5, 6, 11, 12, and 33

Toyota of Dallas objects to topics 5, 6, 11, 12, and 33 because the topics seek testimony as to information that is protected by the constitutional right of privacy and/or applicable privacy law. Mitchell responds that he drafted a Protective Order and provided it to Toyota of Dallas for submission to the Court that, when entered, will alleviate any confidentiality and privacy concerns. *See* Pl.'s Resp. 14 [22]. Accordingly, the Court overrules Toyota of Dallas's objection to the above topics regarding privacy concerns

---

[1] As to any topics ruled on in Section 3.A which are in included in later objections — the Court's ruling on the later objections will apply specifically to overlapping topics at the time Toyota of Dallas's expert responds to the topics listed in Section 3.A.

subject to the Court's entry of a Protective Order prior to any questioning regarding topics 5, 6, 11, 12, and 33.

### C. Topics Which Call for Legal Conclusions: 10, 11, 12, 18, 20, 21, 22, 23, 25, 28, and 29

Toyota of Dallas objects to topics 10, 11, 12, 18, 20, 21, 22, 23, 25, 28, and 29 because these topics would require Toyota of Dallas's representatives to provide testimony that draws legal conclusions. The Court overrules Toyota of Dallas's objection and finds that topics 10, 11, 12, 18, 20, 21, 22, 23, 25, 28, and 29 are all fact-based and do not require impermissibly drawn legal conclusions.

### D. Topics Which Violate Rule 26: 1, 2, 3, 4, 5, 6, 10, 11, 12, 19, 20, 21, 22, 23, 25, and 28

Toyota of Dallas objects to topics 1, 2, 3, 4, 5, 6, 10, 11, 12, 19, 20, 21, 22, 23, 25, and 28 because these topics they are overbroad, unduly burdensome, harassing, and not proportionate to the needs of this action. A "party resisting discovery must show specifically how . . . each [request] is not relevant or how each [request] is overly broad, burdensome or oppressive." *McLeod, Alexander, Powel and Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir.1990) (citations omitted). Furthermore, "[a] party asserting undue burden typically must present an affidavit or other evidentiary proof of the time or expense involved in responding to the discovery request." *S.E.C. v. Brady*, 238 F.R.D. 429, 437 (N.D. Tex. 2006) (citations omitted). And "[f]ailing to do so, as a general matter, makes such an unsupported objection nothing more than unsustainable boilerplate." *Heller v. City of Dallas*, 303 F.R.D. 466, 490 (N.D. Tex. 2014). Toyota of Dallas did not justify its

MEMORANDUM OPINION AND ORDER – PAGE 4

objection with affidavits or other evidence. Accordingly, the Court overrules Toyota of Dallas's overbreadth objection to topics 1, 2, 3, 4, 5, 6, 10, 11, 12, 19, 20, 21, 22, 23, 25, and 28.

### E.  Topics Which Assume Facts Not in Evidence: 19, 20, 21, 22, 23, and 29

Toyota of Dallas objects to topics 19, 20, 21, 22, 23, and 29 because the topics assume facts not in evidence. As Mitchell argues, information about putative class members is relevant to his motion for class certification, and Toyota of Dallas cites no case law for an objection that discovery is improper because it assumes facts not in evidence when there are no facts currently in evidence. Accordingly, the Court overrules Toyota of Dallas's objection to topics 19, 20, 21, 22, 23, and 29.

## CONCLUSION

The Court grants in part and denies in part Toyota of Dallas's motion for protection. Specifically, the Court sustains Toyota of Dallas's objection to topics 1, 2, 3, 4, 5, 6, 10, 11, 12, 20, 21, 22, and 23 with the understanding that its expert will respond to these topics after Mitchell moves for class certification. The Court overrules Toyota of Dallas's objection to topics 5, 6, 11, 12, and 33 for seeking information protected by the right to privacy subject to entry of a Protective Order prior to any questioning regarding these topics. The Court assumes the parties will follow the instructions regarding protective orders found at www.txnd.uscourts.gov/judge/chief-district-judge-david-godbey. The Court overrules all other objections by Toyota of Dallas.

Signed June 10, 2024.

_____
David C. Godbey
Chief United States District