IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RHONN MITCHELL, *individually and on behalf of all others similarly situated*, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 3:23-CV-1278-N |
| TOYOTA OF DALLAS, | § § | |
| Defendant. | § § | |

## MEMORANDUM OPINION AND ORDER

This Order addresses Plaintiff Rhonn Mitchell's motion to certify class [47]. For the reasons set forth below, the Court denies the motion.

## I. ORIGINS OF THE MOTION

Rhonn Mitchell bought a used car from Toyota of Dallas ("TOD") in 2018 and began receiving telemarketing text messages from TOD. Pl.'s Mot. Br. 5 [49]. On January 30, 2020, Mitchell opted out of receiving further messages from TOD and received a confirmation text that he was "unsubscribed and will no longer receive messages." *Id*. In 2021, he received another text message from TOD asking, "Is texting the most convenient way of communicating with you? Reply YES to allow … Reply STOP to cancel." *Id*. Despite opting out of further messages twice, Mitchell continued to receive several TOD telemarketing messages between 2020 and 2023. *Id*. Mitchell alleges that TOD sent 16,546 text messages to 1,539 customers who also opted out of further messages from

MEMORANDUM OPINION AND ORDER – PAGE 1

TOD, in violation of the Telephone Consumer Protection Act ("TCPA").  47 U.S.C. § 227, *et seq*.  He seeks to assert claims on behalf of two classes:

> Class 1: All persons in the United States (i) who received more than one telemarketing message which was made for the purpose of encouraging the purchase of Defendant's goods or services in any twelve month period since June 6, 2019, (ii) on a residential telephone number, (iii) where the telephone number was one for which within the previous five years the user had opted out of receiving additional messages from Defendant at the time of receiving at least one such text message, (iv) where the text message contained one or more of the phrases (a) "request to send a text message", (b) "is texting the most convenient way", or (c) "is confirming request to send a message", and (v) were received more than 31 days after the user opted out of receiving additional messages from Defendant.

> Class 2: All persons in the state of Texas (i) who received more than one telemarketing message which was made for the purpose of encouraging the purchase of Defendant's goods or services in any twelve month period since June 6, 2019, (ii) on a residential telephone number, (iii) where the telephone number was one for which within the previous five years the user had opted out of receiving additional messages from Defendant at the time of receiving at least one such text message, (iv) where the text message contained one or more of the phrases (a) "request to send a text message", (b) "is texting the most convenient way", or (c) "is confirming request to send a message", and (v) were received more than 31 days after the user opted out of receiving additional messages from Defendant.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 23, courts must "determine by order whether to certify the action as a class action."  FED. R. CIV. P. 23(c).  Courts have wide discretion in determining whether to certify a class; however, they must exercise that discretion within the bounds of Rule 23.  *Castano v. Am. Tobacco Co.*, 84 F.3d 734, 740 (5th Cir. 1996) (citing *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 100 (1981)).  In making this determination, courts must undertake a rigorous analysis of Rule 23's prerequisites by probing beyond the pleadings to understand the claims, defenses, and relevant facts.  *See Unger v. Amedisys*

*Inc.*, 401 F.3d 316, 321 (5th Cir. 2005). Although courts do not consider the merits of plaintiffs' claims in determining whether to certify a proposed class, they must consider the "the nature and range of proof necessary to establish the plaintiffs' substantive allegations" if they are adequately to conduct the rigorous analysis required by Rule 23. *Owner-Operator Indep. Drivers Ass'n, Inc. v. Swift Transp. Co.*, 2006 WL 2521183, at *4 (D. Ariz. 2006) (citing *In re Coordinated Pretrial Procs. in Petroleum Prods. Antitrust Litig.*, 691 F.2d 1335, 1342 (9th Cir. 1982)); *accord Castano*, 84 F.3d at 741 ("In order to make the findings required to certify a class action under Rule 23(b)(3) . . . one must initially identify the substantive law issues which will control the outcome of the litigation." (quoting *Alabama v. Blue Bird Body Co.*, 573 F.2d 309, 316 (5th Cir. 1978))).

A case may proceed as a class action only if the trial court determines that the party moving for certification demonstrates that it has met all four prerequisites of Rule 23(a). FED. R. CIV. P. 23(a).; *see also Vizena v. Union Pac. R.R. Co.*, 360 F.3d 496, 503 (5th Cir. 2004). Under Rule 23(a), the moving party must demonstrate that: (1) the class is so numerous that joinder of all members is impracticable (numerosity); (2) there are questions of law or fact common to the class (commonality); (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class (typicality); and (4) the representative parties will fairly and adequately protect the interests of the class (adequacy). FED. R. CIV. P. 23(a). Rule 23(a) also implicitly carries a requirement of definiteness, meaning that an identifiable class must exist. *See John v. Nat'l Sec. Fire. & Cas. Co.*, 501 F.3d 443, 445 (5th Cir. 2007) (citing *inter alia DeBremaecker v. Short*, 433 F.2d 733, 734 (5th Cir. 1970) and 5 JAMES W. MOORE, ET AL., MOORE'S FEDERAL

PRACTICE § 23.21, at 23-47 (3d ed. 1997)); *see also* WILLIAM B. RUBENSTEIN, 1 NEWBERG ON CLASS ACTIONS § 3:2 (5th ed. 2011) [hereinafter NEWBERG]. An identifiable class exists if its members can be ascertained by reference to objective criteria (ascertainability). *See In re Vioxx Prods. Liab. Litig.*, 2008 WL 4681368, at *9 (E.D. La. 2008) (citing MANUAL FOR COMPLEX LITIGATION (FOURTH) § 21.222 (2004)); *see also* NEWBERG § 3:3.

Additionally, the Court must determine that, according to Rule 23(b), a class action is the appropriate vehicle through which to resolve the litigation. FED. R. CIV. P. 23(b); *see Vizena*, 360 F.3d at 503. Rule 23(b) states, in relevant part, that a class action is appropriate if the moving party establishes the prerequisites set forth in Rule 23(a) and:

> (2) the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole [(cohesiveness)]; or (3) the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members [(predominance)], and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy [(superiority)].

FED. R. CIV. P. 23(b). The party seeking certification bears the burden of establishing that the putative class meets the requirements of Rule 23. *Gene & Gene, LLC v. Biopay, LLC*, 541 F.3d 318, 325 (5th Cir. 2008).

### III. THE COURT DENIES MITCHELL'S MOTION

#### A. The Proposed Class Fails on Predominance and Cohesiveness Grounds

Even if the putative class satisfied the Rule 23(a) requirements of numerosity, commonality, typicality and adequacy, the class fails under both Rule 23(b)(2) and Rule

23(b)(3) because individual issues preclude certification.[1]  Under Rule 23(b)(3), the Court must identify the substantive issues that will control the outcome, assess which issues will predominate, and then determine whether the issues are common to the class — a process that prevents the class from degenerating into a series of individual trials.  *Gene & Gene LLC*, 541 F.3d at 326.  In making the predominance inquiry, the Fifth Circuit has counseled that predominance is satisfied where a plaintiff has demonstrated that individual issues are susceptible to common proof.  *See id*. at 327-28 (discussing *Kavu v. Omnipak Corp.*, 246 F.R.D. 642, 645 (W.D. Wash. 2007)).  Similarly, under Rule 23(b)(2), a Court must determine whether a class is sufficiently cohesive so that examination of the particular circumstances of each member of the class is unnecessary.  FED. R. CIV. P. 23(b)(2).

Here, a substantive issue that will control the outcome is whether the text messages sent by TOD, after consumers opted out of receiving them, violate the TCPA.  Mitchell asserts that his expert witness, Anya Verkhovskaya, would rely on TOD's records and expert witness to identify individuals that received continued calls or texts from TOD after opting out of further messages.  Pl.'s App. 160-161.  Once a customer opted out of telemarketing messages, their contact information was placed on TOD's internal do-not-call list.  Pl.'s App. 160-161.  Mitchell would then use a methodology developed by Verkhovskaya to identify class members from call logs and phone numbers from TOD's do-not-call list.  *See generally*, Pl.'s App. 146-220, Expert Report of Verkhovskaya.  Mitchell argues that this identification system would provide class-wide proof to determine

---

[1] The Court does not address the Rule 23(a) requirements.

this common issue to the class and prevent the need for mini trials.  However, the class likely cannot be identified as Mitchell suggests because individualized issues of consent would predominate at trial.

First, Verkhovskaya's methodology does not consider that some individuals may have provided some sort of express consent to begin receiving text messages again after opting out of receiving them.  TOD explained that putative class members could have reconsented to messaging in a variety of ways during the course of business with the Defendant.  Def.'s App. ¶ 95, Expert Report of Margaret Daley.  These other methods of consent include inbound calls by putative class members, visits to a TOD dealership, and third-party platforms such as Kelly Blue Book, Cars.com, or Truecars.com.  Def.'s Br. 6-7 [52].

Second, TOD's expert sampled 309 phone numbers belonging to putative class members and found at least 256 numbers have activity on TOD's internal work notes, indicating they may (1) have voluntarily reengaged with TOD or otherwise expressly consented to receive additional telemarketing messages, (2) be a business number not subject to TCPA or (3) otherwise do not fit in Mitchell's proposed class definition.  Def.'s Br. 3.  Verkhovskaya's methodology does not consider these other methods of consent or how to reliably distinguish business phone numbers not subject to TCPA from consumer phone numbers.  Therefore, the consent issue would necessitate individual inquiries to determine whether a putative class member provided consent for TOD to send telemarketing communications.  Additionally, because this individual issue has the

MEMORANDUM OPINION AND ORDER – PAGE 6

potential to separate class members from each other, the class lacks the cohesiveness necessary for the Court to certify a class under Rule 23(b)(2).

In an attempt to resolve the consent issue, Mitchell amended the proposed class definitions and limited the putative class to consumers who do not have a signed written agreement reconsenting to TOD's telemarketing messages.  Pl.'s Reply Br. 15 [54]; *see also* 47 C.F.R. § 64.1200(c)(2)(ii) (requiring a subscriber's express invitation or permission to be contacted be evidenced by a signed, written agreement between seller and consumer). However, this amendment does not resolve all consent issues because, even if the amendment properly captured relevant consumers for the putative class, Verkhovskaya's methodology still fails to separate businesses from consumers.  Thus, issues of consent would predominate the litigation and prevent cohesiveness in the class.

## CONCLUSION

The Court concludes that the putative class is not sufficiently cohesive and that individualized issues of consent would predominate the trial if the Court certified this class. Thus, the Court denies Mitchell's motion to certify.

Signed October 28, 2025.

David C. Godbey
Senior United States District Judge

MEMORANDUM OPINION AND ORDER – PAGE 7